E-FILED
Monday, 20 September, 2004  04:04:15 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

Dr. Kenneth L. Wronke,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Cause No. 2001-2308
                                  )
Champaign County Sheriff's        )
Department, and David Madigan,    )
individually, and in his Official )
capacity as Sheriff of Champaign County, )
and David Smalley, individually, and in  )
his Official capacity as a Champaign County )
Sheriff's Deputy, and Lu Wilson, R.N., and  )
Dr. Maher K. Ahmad,               )
                                  )
            Defendants,           )

## MOTION TO STRIKE DEFENDANT'S MADIGAN AND SMALLEY'S ACTION FOR SUMMARY JUDGMENT AND ALL SUBMITTED DOCUMENTS RELATED THERETO

COMES NOW, the Plaintiff, Dr. Kenneth L. Wronke, appearing personally, with his Motion to Strike Defendant's Madigan and Smalley's Action for Summary Judgment and all submitted documents related thereto and in support hereto states as follows:

1. That the Defendant's Motion seeks Summary Judgment on Counts I, II, and III of the Plaintiff's Fourth Amended Complaint.

2. That the Defendant's committed a fatal legal error in citing the Wronke depositions: "In order for a deposition to be used in support of a Motion for Summary Judgment, it must be formal and sufficient, i.e. it must either be signed by the Deponent or contain a waiver of the signature and it must be certified, sealed, and filed with the Clerk of the Court." See Bezin v. Ginsburg, APP. 1st. Dist. 1978, 16 Ill Dec. 595, 59 Ill App. 3d 429, 375 NE 2d 468.

3. That the Wronke deposition meets none of the required criteria to support any Motions for Summary Judgment.

4. That the Plaintiff has attached Counter-Affidavits to this Motion in response to Defendant's Wilson and Ahmad's Affidavits.

5. That under paragraph 2 of the Defendant's Motion, the following is noted:

    a) Exhibit A *Plaintiff's Deposition not certified by Clerk nor was it filed with the Clerk's Office.

    1. The Sheriff's Department had no written policy regarding the number of hours a trustee worked.

    2. There is no written policy concerning how many jobs a trustee could be required to perform. (the Plaintiff worked laundry, and kitchen deliverying meal trays to all inmates.

    3. The Defendants (Wilson and Ahmad) do not explain how a laceration, bleeding for over 3 hours and requiring 11 stitches to close, can be termed a "minor" injury.

6. That because of a lack of training, the Sheriff's Department staff failed to take decisive action:i.e. control the bleeding with a pressure bandage, place the arm in an air splint, and sling with a triangle bandage ; then call the paramedics.

7. The staff knew something was wrong with the Plaintiff's shoulder/arm. It should be noted that the Defendant's praised the Plaintiff's deposition but stopped short of all references to th shoulder injury.

8. The "on call" nurse failed the Sheriff and the staff. She could have driven to the Satellite facility in mere minutes to take charge of the injured resident. The nurse is also in charge of Training staff.

9. That a 3 hour plus wait for medical aid is tantamount to no help and is a denial of aid when the hospital was within walking distance.

10. That the written policy for contending with "lacerations" is totally inadequate; there are no specific instructions in the Medical protocol for the Staff to follow.

11. The Detainees do not set their work hours as stated in the Memorandum of Law.

12. That Sgt. Smalley failed to provide proper medical aid reflects the lack of training by Nurse Wilson.

13. The right forearm injury did result in a permanent injury to the right rotator cuff causing a permanent narrowing of the shoulder joint, loss of range of motion, pain, and loss of strength in the right arm.

14. Certainly one sees a pattern of indifference: i.e. teeth, hernia, lacerations, and full rotator cuff tear. The hernia and laceration could have been life-threatening in a worse case scenario.

15. That "qualified Immunity" is not a shield for negligent conduct by Smalley or any staff member, and is not an affirmative defense under negligent circumstances as in this matter. Carelessly failing to provide medical aid for three hours plus.

16. That any reasonable person would have been on the phone that Sunday morning calling 911 for an ambulance with paramedics.

WHEREFORE, teh Plaintiff, Dr. Kenneth L. Wronke, respectfully seeks to have this court strike the Motion for Summary Judgment.

Respectfully submitted.

*Dr Kenneth L. Wronke*
Dr. Kenneth L. Wronke

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Motion to Strike with supporting Affidavit was placed in the U.S. Mail service at Danville, Illinois 61832 on the 17th Day of September 2004 to the Clerk for the U.S. District Court , 210 S. Vine st., Room 218, Urbana, Illinois 61802, and Jas. J. Hagle, 129 W. Main st., Urbana, Illinois 61801 and Kenneth D. Reifsteck, Box 560 30 E. Main st., Champaign, Illinois, 61824-0560, and Richard P. Klaus, Suite 300  102 E. Main st., Urbana, Illinois 61801.

*Dr. Kenneth L. Wronke*
Dr. Kenneth L. Wronke

Rte 49 South box 75
Homer, Illinois 61849

217-896-2322