E-FILED
Friday, 24 September, 2004  04:20:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT, URBANA, IL
URBANA DIVISION

| | | |
|---|---|---|
| KEN WRONKE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 2001-2308 |
| | ) | |
| CHAMPAIGN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and DAVID MADIGAN, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS SHERIFF OF CHAM- | ) | |
| PAIGN COUNTY and DAVID SMALLEY, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS A CHAMPAIGN COUNTY | ) | |
| SHERIFF'S DEPUTY and LU WILSON, | ) | |
| and DR. MAHER K. AHMAD and | ) | |
| WEXFORD HEALTH SOURCES, INC. a | ) | |
| Missouri Corporation, | ) | |
| Defendants. | ) | |

FILED

SEP 24 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## MOTION TO PLAINTIFF'S STRIKE COUNTER-AFFIDAVIT

NOW COMES one of the Defendants, DR. MAHER K. AHMAD, by his attorneys, FREDERICK & HAGLE, and moves to strike the Counter-Affidavit of the Plaintiff which was filed along with Plaintiff's Motion to Strike Defendant Ahmad's Action for Summary Judgment and All Submitted Documents Related Thereto, and in support thereof states as follows:

1. The Plaintiff has filed a Counter-Affidavit in an apparent attempt to raise an issue of fact regarding the standard of care, breach of the standard of care and proximate harm caused by the alleged breach from the standard of care.

2. The Plaintiff lacks knowledge, education and expertise to render the claimed medical opinions set forth in the Affidavit and accordingly the Affidavit should be stricken and not considered by this Court.

3. To render an opinion regarding the standard of care in a medical malpractice case,

the affiant must be a licensed medical doctor familiar with the standard of care at issue, which the Plaintiff is not.

4. Plaintiff's claimed assertions in his Affidavit in no way create an issue of fact whether there was a deviation from the standard of care during the examination complained of.

5. The Plaintiff himself is essentially a lay person in this case. The fact that he may be a veterinarian or an EMT does not give him the ability to render medical opinions on the standard of care or proximate harm caused by a claimed deviation from the standard of care.

6. As to the specific allegations of the Affidavit, in the alternative to striking the Affidavit in its entirety, Defendant moves to strike the following for lack of foundation:

   a. Paragraph 9 since the Plaintiff does not have the medical expertise to render the medical opinions set forth in Paragraph 9.

   b. Paragraph 10 where the Plaintiff claims he suffered a serious injury, as Plaintiff lacks the medical expertise to render such an opinion.

   c. Paragraph 11 because Plaintiff lacks foundation the give the same and the same is a conclusion on behalf of the affiant.

   d. Paragraph 12 where the Plaintiff makes an assertion without knowledge or foundation.

   e. Paragraph 13 because Plaintiff lacks expertise and the necessary foundation to render this opinion.

f. Paragraph 15 where Plaintiff lacks foundation to render this opinion.

g. Paragraph 16 where Plaintiff lacks foundation to render this opinion.

h. There is a lack of foundation to support the allegations of Paragraph 17.

I. Plaintiff lacks foundation to render the medical opinions of Paragraph 18.

j. Plaintiff lacks foundation to render the medical opinions of Paragraph 19.

k. Plaintiff lacks the medical expertise to render the opinions set forth in Paragraph 20.

l. Plaintiff lacks the medical expertise to render the medical opinions set forth in Paragraph 21.

m. There is a lack of foundation for the Plaintiff to make the conclusions set forth in Paragraph 22.

n. The allegations of Paragraph 25 are vague and ambiguous and lacks foundation.

o. The allegations of Paragraph 26 are vague and lacks specificity.

p. The allegations of Paragraph 27 are vague and lacks specificity.

q. The allegations of Paragraph 30 are vague and lacks specificity.

r. The allegations in Paragraph 31 are irrelevant to any issue in this cause.

s. As to the allegations of Paragraph 32, Plaintiff lacks the medical expertise to render these opinions and make these conclusions, and the same are also irrelevant.

t. As to the allegations of Paragraph 33, Plaintiff lacks the medical expertise to render these opinions and make these conclusions, and the same are also irrelevant.

WHEREFORE, the Defendant, Dr. Maher K. Ahmad, respectfully prays that this Court strike Plaintiff's Counter-Affidavit attached to Plaintiff's Motion to Strike, and not consider the same.

DR. MAHER K. AHMAD, Defendant

By: _____
James J. Hagle

JAMES J. HAGLE
FREDERICK & HAGLE
129 West Main Street
Urbana, IL 61801
217-367-6092

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT, URBANA, IL

| | |
|---|---|
| KEN WRONKE, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>CHAMPAIGN COUNTY SHERIFF'S )<br>DEPARTMENT, and DAVID MADIGAN, )<br>INDIVIDUALLY, and IN HIS OFFICIAL )<br>CAPACITY AS SHERIFF OF CHAM- )<br>PAIGN COUNTY and DAVID SMALLEY, )<br>INDIVIDUALLY, and IN HIS OFFICIAL )<br>CAPACITY AS A CHAMPAIGN COUNTY)<br>SHERIFF'S DEPUTY and LU WILSON, )<br>and DR. MAHER K. AHMAD and )<br>WEXFORD HEALTH SERVICES, INC. a )<br>Missouri Corporation, )<br>Defendants. ) | 2001-2308 |



### CERTIFICATE OF SERVICE

PURSUANT to local Rules, the following documents: Defendant, Dr. Maher K. Ahmad's Reply to Plaintiff's Motion to Strike Defendant Ahmad's Action for Summary Judgment and All Submitted Documents Related Thereto, Motion to Strike Counter-Affidavit, and Certificate of Service were served on this 24 day of September, 2004, by placing in the U.S. Mail, first-class postage prepaid to:

TO:  Ken Wronke
     Route 49 South Box 75
     Homer, IL 61849

     Richard Klaus
     Heyl, Royster, Voelker
     P.O. Box 129
     Urbana, IL 61803-0129

Thomas, Mamer & Haughey
Attn: Kenneth D. Reifsteck
30 E. Main
P.O. Box 560
Champaign, IL 61824-0560

DATED this 24 day of September, 2004

Respectfully submitted,
DR. MAHER K. AHMAD, Defendant,

BY: _____
    James J. Hagle

FREDERICK & HAGLE
129 W. Main
Urbana, IL 61801
(217) 367-6092