E-FILED
Friday, 24 September, 2004  04:22:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT, URBANA, IL
URBANA DIVISION

| | | |
|---|---|---|
| KEN WRONKE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 2001-2308 |
| | ) | |
| CHAMPAIGN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and DAVID MADIGAN, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS SHERIFF OF CHAM- | ) | |
| PAIGN COUNTY and DAVID SMALLEY, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS A CHAMPAIGN COUNTY | ) | |
| SHERIFF'S DEPUTY and LU WILSON, | ) | |
| and DR. MAHER K. AHMAD and | ) | |
| WEXFORD HEALTH SOURCES, INC. a | ) | |
| Missouri Corporation, | ) | |
| Defendants. | ) | |

FILED

SEP 2 4 2004

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA IL

### DEFENDANT AHMAD'S REPLY TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT AHMAD'S ACTION FOR SUMMARY JUDGMENT AND ALL SUBMITTED DOCUMENTS RELATED THERETO

NOW COMES one of the Defendants, DR. MAHER K. AHMAD, by his attorneys, FREDERICK & HAGLE, and as his Response to Plaintiff's Motion to Strike Defendant Ahmad's Action for Summary Judgment and All Submitted Documents Related Thereto, states as follows:

1. Plaintiff entitles his responsive pleading as a "Motion to Strike" when there is no stated legal basis, nor legal authority submitted, to strike the Motion for Summary Judgment. The Motion for Summary Judgment is more appropriately answered by a Response and not a motion to strike. Accordingly, the entire pleading filed by the Plaintiff is improper and fails to address the matters properly before the Court.

2. With respect to Paragraph 2 of Plaintiff's Motion to Strike, Plaintiff claims that his former expert will testify although the expert has not been properly disclosed

and is subject to being barred by the Court. The whole gist of Defendant Ahmad's Motion is the Plaintiff has no expert testimony to support the medical issues raised by the Plaintiff's cause of action against Defendant Ahmad, including deviation from the standard of care and injury proximately caused by the deviation. Plaintiff's Motion to Strike in no way addresses this which is the basis of Defendant's Motion. Plaintiff's former expert cannot be a witness in this case because he has not been properly disclosed.

3. In Paragraph 3, the Plaintiff claims that the doctrine of <u>Res Ipsa Loquitur</u> applies, although the same has not been pleaded and is not applicable under the facts and circumstances of this case. Despite Plaintiff's assertions relating to this legal theory, <u>Res Ipsa Loquitur</u> is not an issue in this case, nor should it be an issue in this case.

4. Plaintiff claims summarily in Paragraph 4 that he may prove the standard of care by any affirmative evidence, which is not a correct statement of law which applies to the facts and circumstances of this case. Plaintiff's assertion in this regard does not in any way provide a basis for this Court to deny Defendant Ahmad's Motion for Summary Judgment.

5. The Plaintiff claims that there is no requirement for the Plaintiff to produce medical testimony where the Plaintiff clearly testifies to his injuries. This is not the case where medical negligence is alleged and the harm is alleged to have been caused by medical negligence. The Plaintiff must have expert testimony in this case to sustain his burden of proof.

6. Plaintiff claims in Paragraph 6 of Plaintiff's Motion to Strike claims that expert's testimony is not required if the negligence is so grossly apparent that a layman

would have no difficulty in appraising it. This certainly is not applicable to the facts and circumstances of this case, where a claim is made that an alleged examination and treatment were inappropriate.

7. Plaintiff claims in Paragraph 7 of his Motion to Strike that he can meet his burden of proof based on the testimony from Officer Foster, which has not been produced and Dr. Ahmad's testimony, whose Affidavit has been produced by Defendant. Obviously, from a reading of Dr. Ahmad's Affidavit it is clear the Plaintiff cannot meet his burden of proof through Dr. Ahmad and Plaintiff has given no indication of why he believes he can do so through Dr. Ahmad. As to Officer Foster, no indication is given as to how Plaintiff believes he can meet his burden through Officer Foster. No Affidavit has been provided from Officer Foster.

8. In Paragraph 8, Plaintiff claims that the deviation from the standard of care is easily appraised by lay persons which is some general assertion by the Plaintiff, but is not in any way supported by the facts and circumstances of this case, nor the law that applies to this case.

9. In Paragraphs 9 and 10, the Plaintiff attacks the report of Dr. Suchomski, Dr. Ahmad's retained expert. Dr. Suchomski's report certainly speaks for itself and is ample support that Dr. Ahmad meeting the standard of care, although Dr. Ahmad bears no burden of proof in this regard.

10. Paragraph 11 apparently relates to some evidentiary matters which go up to damages alone and not the issue of liability.

11. In Paragraph 12, Plaintiff criticizes Paragraph number 9 of Defendant's Motion for Summary Judgment, but Plaintiff does not correctly state the law that applies to the facts and circumstances of this case. The Plaintiff in this cause must have

medical evidence as to the standard of care to support any claim of breach from the standard care.

12. In Paragraph 13, the Plaintiff conclusorily states that he has met the criteria to establish every fact necessary to sustain a cause of action, but fails to set forth with any specificity how this was done. In fact, when the Court reviews the pleadings and matters on file, it is abundantly apparent that the Plaintiff cannot meet his burden of proof because he has no disclosed medical experts to support his allegations. In fact, the only filings in this case relative to Dr. Ahmad support that Dr. Ahmad did not deviate from the applicable standard of care.

13. Plaintiff has attached Exhibit "A" to his Motion which is subject to Defendant Ahmad's Motion to Strike and should not be considered by this Court as to breach of standard of care or the harm proximately caused by the claimed breach from standard of care.

WHEREFORE, the Defendant, Dr. Maher K. Ahmad, respectfully prays that this Court grant Defendant Ahmad's Motion for Summary Judgment as to Count V of Plaintiff's Amended Complaint, and enter Judgment in favor of Dr. Maher K. Ahmad, on Count V, at Plaintiff's cost.

DR. MAHER K. AHMAD, Defendant

By: _____
James J. Hagle

JAMES J. HAGLE
FREDERICK & HAGLE
129 West Main Street
Urbana, IL 61801
217-367-6092

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT, URBANA, IL

| | |
|---|---|
| KEN WRONKE, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>CHAMPAIGN COUNTY SHERIFF'S )<br>DEPARTMENT, and DAVID MADIGAN, )<br>INDIVIDUALLY, and IN HIS OFFICIAL )<br>CAPACITY AS SHERIFF OF CHAM- )<br>PAIGN COUNTY and DAVID SMALLEY, )<br>INDIVIDUALLY, and IN HIS OFFICIAL )<br>CAPACITY AS A CHAMPAIGN COUNTY)<br>SHERIFF'S DEPUTY and LU WILSON, )<br>and DR. MAHER K. AHMAD and )<br>WEXFORD HEALTH SERVICES, INC. a )<br>Missouri Corporation, )<br>Defendants. ) | 2001-2308<br><br>FILED<br>SEP 24 2004<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

**CERTIFICATE OF SERVICE**

PURSUANT to local Rules, the following documents: Defendant, Dr. Maher K. Ahmad's Reply to Plaintiff's Motion to Strike Defendant Ahmad's Action for Summary Judgment and All Submitted Documents Related Thereto, Motion to Strike Counter-Affidavit, and Certificate of Service were served on this 24 day of September, 2004, by placing in the U.S. Mail, first-class postage prepaid to:

TO: Ken Wronke
Route 49 South Box 75
Homer, IL 61849

Richard Klaus
Heyl, Royster, Voelker
P.O. Box 129
Urbana, IL 61803-0129

Thomas, Mamer & Haughey
Attn: Kenneth D. Reifsteck
30 E. Main
P.O. Box 560
Champaign, IL 61824-0560

DATED this 24 day of September, 2004

Respectfully submitted,
DR. MAHER K. AHMAD, Defendant,

BY: _____
James J. Hagle

FREDERICK & HAGLE
129 W. Main
Urbana, IL 61801
(217) 367-6092