E-FILED
Thursday, 30 September, 2004  02:14:52 PM
Clerk, U.S. District Court, ILCD

FILED
SEP 2 9 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KEN WRONKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2001-2308 |
| ) | |
| CHAMPAIGN COUNTY SHERIFF'S ) | |
| DEPARTMENT, and DAVID MADIGAN, ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL ) | |
| CAPACITY AS SHERIFF OF CHAM- ) | |
| PAIGN COUNTY and DAVID SMALLEY, ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL ) | |
| CAPACITY AS A CHAMPAIGN ) | |
| COUNTY SHERIFF'S DEPUTY and LU ) | |
| WILSON, and DR. MAHER K. AHMAD ) | |
| and WEXFORD HEALTH SOURCES, ) | |
| INC. a Missouri Corporation, ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
REPLY TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT AHMAD'S MOTION
FOR SUMMARY JUDGMENT**

NOW COMES one of the Defendants, DR. MAHER K. AHMAD, by his attorneys, FREDERICK & HAGLE, and submits this Memorandum in Support of Defendant's Response to Plaintiff's Motion to Strike Defendant Ahmad's Motion for Summary Judgment, and states as follows:

**I.    INTRODUCTION**

This matter comes before the Court on Defendant Ahmad's Motion for Summary Judgment. On September 14th, 2004, Plaintiff filed a Motion to Strike Defendant Ahmad's Action for Summary Judgment and all Submitted Documents Related Thereto. Defendant Ahmad then filed his Response to Plaintiff's Motion to Strike on September 23, 2004.

Plaintiff Wronke alleges that he is not required to disclose or produce an expert witness to meet his burden of proof in this medical malpractice claim. Plaintiff Wronke intends to establish the necessary affirmative evidence by his own testimony and the testimony of Defendant Ahmad and Officer Foster. Plaintiff Wronke's case law in support of his motion does not apply to the case.

Plaintiff cannot establish a prima facie medical malpractice claim at trial against Defendant Ahmad without expert testimony. Plaintiff has not properly disclosed experts and, therefore, cannot provide expert witness testimony at trial to meet his burden of proof. Plaintiff cannot prove his case at trial through his own testimony or lay witnesses. Defendant Ahmad has filed an Affidavit explaining that at all times he met the applicable standard of care; thus, Plaintiff cannot prove his case by calling Defendant as an adverse witness and has made no offer of proof that he can. Accordingly, as will be discussed below, it is appropriate to deny Plaintiff's Motion to Strike. Defendant Ahmad's Motion for Summary Judgment correctly applies the applicable statute and case law, and should be granted; Plaintiff's prima facie case of medical negligence cannot be established without expert testimony.

## II    RESPONSE TO PLAINTIFF'S APPLICABLE LAW

Defendant Ahmad's Motion for Summary Judgment asks this Court to dismiss Plaintiff's complaint because Plaintiff has failed to establish a prima facie case. Plaintiff claims, in Paragraph 2 of his Motion to Strike, that his former expert will testify although the expert has not been properly disclosed and is subject to being barred by the Court. Under FRCP 26(a)(2), Plaintiff's expert cannot testify at trial without having first been properly disclosed during discovery. Fed. R. Civ. P. 226(a)(1)(A). Where a Plaintiff has failed to disclose an expert

witness in accordance with FRCP 26(a)(1)(A) and a pretrial order, Defendant's Motion for Summary Judgment is proper. Brown v. U.S., 74 Fed. Appx. 611 (7th Cir. 2003).

Paragraph 3 of Plaintiff's Motion to Strike claims the doctrine of res ipsa loquitur applies to this case. To satisfy 735 ILCS 5/2-622, a plaintiff must establish reliance on the doctrine of res ipsa loquitur in plaintiff's pleadings. see 735 ILCS 5/2-622 (2004); see also Buck v. Alton Memorial Hospital, 86 Ill. App. 3d 347 (5th Dist. 1980), 407 N.E.2d 1067. Plaintiff Wronke has pleaded no reliance on the doctrine of res ipsa loquitur, and, has first mentioned this negligence theory in Plaintiff's Motion to Strike.

Even if this Court was to excuse pro se Plaintiff's failure to meet this requirement of pleading, under Illinois medical malpractice law, res ipsa loquitur is limited to medical malpractice cases "where the conduct of the doctor was grossly remiss or so contrary to acceptable and customary medical practices and standards that the results or injuries complained of would not have occurred but for negligence." Gatlin ex rel. Gatlin v. Ruder, 137 Ill. 2d 284, 148 Ill. Dec. 188, 560 N.E.2d 586 (1990). A plaintiff must plead specific facts and circumstances to establish res ipsa loquitur. Id. This requirement is established when plaintiffs present expert testimony asserting that a defendant has deviated from the standard of care and that that deviation is the proximate cause of the plaintiff's injury. Snelson v. Kamm, 204 Ill. 2d 1, 272 Ill. Dec. 610, 787 N.E.2d 796(2003). The basis for Defendant's Motion for Summary Judgment is that Plaintiff has failed to meet the requirements of a prima facie negligence case by failing to establishing breach of standard of care through expert testimony. Thus, res ipsa loquitur does not apply to this case because Plaintiff has established no reliance on the doctrine and Plaintiff has failed to present expert testimony that would support well-plead specific facts and circumstances.

The Plaintiff must have expert testimony in this case to sustain his burden of proof. Plaintiff, relying on Casey v. Penn, claims that he can prove the standard of care, or lack thereof, by any affirmative evidence. see Paragraph 4; see also Casey v. Penn, 45 Ill. App. 3d 1068 (1977). However Casey is not consistent with Plaintiff's arguments. The case does allow for an exception in holding that the plaintiff need not fulfill the requirement of expert testimony where the defendant "has not contended that the plaintiff failed to establish by expert testimony the standards of care against which the defendant doctor's conduct was to be measured." *Id* at 1069. While Casey allows an exception to a plaintiff's burden of proof in malpractice negligence case, this exception does not apply to this case because Defendant's Motion for Summary Judgment relies on the premises that Plaintiff failed to establish by expert testimony the standards of care which Defendant Ahmad allegedly breached. The general rule, of which the exception relates to, is that in Illinois,

> "a plaintiff, by the use of expert testimony, must establish the standards of care against which the defendant doctor's conduct is measured… plaintiff must then further prove by affirmative evidence, that, judged in light of these standards, the doctor was unskillful or negligent and that his want of skill or care caused the injury to the plaintiff."

see Borowski v. Von Solbrig 60 Ill. 2d 418, 423 (1975), 328 N.E.2d 301, 304-05; Casey v. Penn, 45 Ill. App. 3d 1068 (1977). Thus, Plaintiff's claim, that there is no requirement for the Plaintiff to produce medical testimony where the Plaintiff clearly testifies to his injuries, is meritless.

Plaintiff claims, in Paragraph 5, that there is no requirement that the Plaintiff, in a personal injury case, produce medical testimony where he clearly testifies to his injuries and the medical treatment he received. Plaintiff's argument, which relies on Turner v. Chicago, is not applicable to medical malpractice cases. see Turner v. Chicago, 95 Ill. App. 2d 38 (1st Dist. 1964). Turner is a personal injury case where plaintiff testified as to his injuries allegedly received by defendant's actions; the Court held that plaintiff was not required to produce an

4

expert to testify as to plaintiff's medical injuries where there was "no conflict in the case as to the nature of the injury or its causation" and where plaintiff could "clearly testify to his injuries and the medical treatment he received." *Id*. Here such conflict is present, and, thus, Plaintiff's claim must necessarily fail.

In Paragraph 6 of Plaintiff's Motion to Strike, Plaintiff claims that medical expert testimony is not required if the negligence is so grossly apparent that a layman would have no difficulty in appraising it. Plaintiff has pled no specific facts and circumstances to establish gross negligence. Plaintiff has provided no medical evidence as to the standard of care to support any claim of breach from the standard of care. Both specific facts and circumstances and medical evidence are necessary to establish a prima facie claim of medical malpractice. Brown v. U.S., 74 Fed. Appx. 611 (7th Cir. 2003).

Plaintiff's reliance on Graham v. St. Luke's Hospital to support his gross negligence theory is perplexing. While the Court does hold that expert testimony is not necessary in gross negligence cases, that rule has been applied to cases involving x-rays and the like, and has not been largely accepted in medical malpractice cases. Graham v. St. Luke's Hospital, 46 Ill. App. 2d 147, 157. The Illinois Appellate Court in Graham also holds that a plaintiff must provide expert testimony to show "not only that the injury occurred but that such event does not ordinarily occur in the ordinary course of events without negligence." *Id*; referring to Hall v. United States, 136 F. Supp. 187 (1955. It holds that in Illinois, res ipsa loquitur does not "automatically apply to malpractice cases." Graham v. St. Luke's Hospital, 46 Ill. App. 2d 147, 156 (1st Dist. 1964), 196 N.E.2d 355, 360; referring to Bollenbach v. Bloomenthal, 314 Ill 539 (1930), 173 NE 670; referring to Hogmire v. Voita, 319 Ill. App. 644 (1st Dist. 1943); 49 N.E.2d 811. Finally, Graham holds that an expert testimony is required to establish the standard of care

5

for such an act as an injection of a needle, and because plaintiff failed to provide such expert testimony, and therefore did not establish a prima facie case, the defendant's motion to dismiss was upheld. Graham v. St. Luke's Hospital, 46 Ill. App. 2d 147, 159-160. Thus, Graham supports Defendant Ahmad's Motion for Summary Judgment.

In Paragraph 7, Plaintiff claims he can meet his burden of proof based on the testimony from Officer Foster and Dr. Ahmad's testimony. It has already been well established above that Plaintiff cannot meet his burden of proof without testimony from his own expert asserting the standard of care and establishing Defendant's deviation from that standard.

Plaintiff Wronke, in Paragraph 8, generally claims the deviation from the standard of care is easily appraised by lay persons, but this claim is in no way supported by the facts and circumstances of this case. Also, as Graham indicates, deviation from standard of care must be proven by expert testimony by Plaintiff's medical doctor.

Plaintiff attacks Defendant's Ahmad's expert testimony in Paragraphs 9 and 10 of Plaintiff's Motion. Defendant Ahmad bears no burden of proof in regard of meeting the standard of care; it is well established that the burden of proof on a medical malpractice claim is on the plaintiff. Brown v. U.S., 74 Fed. Appx. 611 (7th Cir. 2003).

Paragraph 11 of Plaintiff's Motion relates to some evidentiary matters which address damages alone, and not the issue of liability. However, it is significant that here Plaintiff again misuses case law. The Illinois Appellate Court in Hyatt holds that the law, in personal injury cases, does not "require the plaintiffs… [to] produce a doctor to testify as to injuries alleged to have been sustained." Hyatt v. Cox, 57 Ill. App. 2d 293 (4th Dist. 1965), 206 N.E. 2d 260. The burden of proof of negligence in a personal injury case is not the same burden of proof in a

6

medical malpractice claim. Plaintiff Wronke must establish the burden of proof under the law his complaint pleads.

Paragraph 12 is not well plead, and, therefore, improper. Plaintiff Wronke claims that Paragraph 9 in Defendant's Motion for Summary Judgment is in error because it establishes the applicable law: Plaintiff is required to produce expert testimony to establish a prima facie case. Plaintiff's Paragraph 12 asks this Court to apply the standards of personal injury law to Plaintiff's medical malpractice case. Plaintiff supports this with reference to several personal injury cases where Illinois Courts held medical testimony was not required. see Palmer v. De Filippis, 321 Ill. App. 186 (1944), 53 N.E.2d 34; Hyatt v. Cox, 57 Ill. App. 2d 293; Graham v. St. Luke's Hospital, 46 Ill. App. 2d 147. The personal injury case law Plaintiff Wronke relies on do not apply to this medical malpractice cause of action. Thus, Plaintiff has still failed to establish a prima facie case.

Plaintiff has not met the criteria necessary to establish facts enough to sustain a cause of action as Plaintiff's Paragraph 13 claims. As established supra and in Defendant Ahmad's Motion for Summary Judgment, to properly allege medical malpractice, under Illinois law, Plaintiff is required to "present expert testimony to establish the applicable standard of care, that the Defendant Ahmad deviated from the applicable standard of care, and that the deviation resulted in Plaintiff's injury." Addison v. Whittenberg, 124 Ill. 2d 287 (1988), 297; see also Higgens v. House, 288 Ill. App. 3d 543, 547 (4th Dist. 1997) (citing Diggs v. Suburban Medical Center, 191 Ill. App. 3d 828, 833 (1st District 1989), 548 N.E.2d 373, 377.

Plaintiff's Motion to Strike should be denied. Plaintiff Wronke has not established a prima facie case by properly disclosing expert testimony that will allow him to meet his burden

of proof at trial. Where plaintiff has not provided an expert medical opinion, summary judgment in favor of the defendant is proper. Brown v. U.S., 74 Fed. Appx. 611 (7th Cir. 2003).

### III  CONCLUSION

Plaintiff's Motion to Strike is improperly pleaded and fails to address the matters before this Court. For the reasons set forth above, this court must dismiss Plaintiff's Motion to Strike and grant Defendant Ahmad's Motion for Summary Judgment on Count V of Plaintiff's Fourth Amended Complaint due to Plaintiff's inability to prove a prima facie medical malpractice cause of action.

DR. MAHER K. AHMAD, Defendant

BY: _____
     JAMES J. HAGLE

JAMES J. HAGLE
FREDERICK & HAGLE
129 W. Main Street
Urbana, IL 61801
(217) 367-6092

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT, URBANA, IL

| | | |
|---|---|---|
| KEN WRONKE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 2001-2308 |
| | ) | |
| CHAMPAIGN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and DAVID MADIGAN, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS SHERIFF OF CHAM- | ) | |
| PAIGN COUNTY and DAVID SMALLEY, | ) | |
| INDIVIDUALLY, and IN HIS OFFICIAL | ) | |
| CAPACITY AS A CHAMPAIGN COUNTY | ) | |
| SHERIFF'S DEPUTY and LU WILSON, | ) | |
| and DR. MAHER K. AHMAD and | ) | |
| WEXFORD HEALTH SERVICES, INC. a | ) | |
| Missouri Corporation, | ) | |
| Defendants. | ) | |

FILED
SEP 29 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## CERTIFICATE OF SERVICE

PURSUANT to local Rules, the following documents: Memorandum in Support of Defendant's Reply to Plaintiff's Motion to Strike Defendant Ahmad's Motion for Summary Judgment and Certificate of Service were served on this 29 day of September, 2004, by placing in the U.S. Mail, first-class postage prepaid to:

TO:   Ken Wronke
Route 49 South Box 75
Homer, IL 61849

Richard Klaus
Heyl, Royster, Voelker
P.O. Box 129
Urbana, IL 61803-0129

Thomas, Mamer & Haughey
Attn: Kenneth D. Reifsteck
30 E. Main
P.O. Box 560
Champaign, IL 61824-0560

DATED this 29 day of September, 2004

Respectfully submitted,
DR. MAHER K. AHMAD, Defendant.

BY: _____
James J. Hagle

FREDERICK & HAGLE
129 W. Main
Urbana, IL 61801
(217) 367-6092