05415-N1636
RPK/dkl
G:\36\N1636\N1636PSJ 003

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KEN WRONKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 01-2308 |
| | ) |
| CHAMPAIGN COUNTY SHERIFF'S | ) |
| OFFICE, and DAVID MADIGAN, | ) |
| INDIVIDUALLY and IN HIS OFFICIAL | ) |
| CAPACITY AS SHERIFF OF | ) |
| CHAMPAIGN COUNTY, and DAVID | ) |
| SMALLEY, INDIVIDUALLY and IN HIS | ) |
| OFFICIAL CAPACITY AS A | ) |
| CHAMPAIGN COUNTY SHERIFF'S | ) |
| DEPUTY and LU WILSON, and | ) |
| DR. MAHER K. AHMAD, and | ) |
| WEXFORD HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**JOINT REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AND RESPONSE TO MOTION TO STRIKE**

Defendant, LU WILSON, by her attorneys, Richard P. Klaus and Keith B. Hill of Heyl, Royster, Voelker & Allen, and pursuant CDIL-LR 7.1(B)(1) and 7.1(D(3), respectfully submits this Joint Reply in Support of Motion for Summary Judgment and Response to Motion to Strike.

**I.    INTRODUCTION**

On December 10, 2002, Plaintiff filed his Fourth Amended Complaint ("Complaint"). The Complaint arises from the alleged injuries Plaintiff sustained to his right arm and shoulder while incarcerated at the Champaign County Correctional Center ("jail").

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Count IV of the Complaint is the sole count against Defendant Lu Wilson. Count IV purports to assert a Section 1983 action against Defendant in her individual capacity. Plaintiff alleges that Defendant "willfully failed to and refused to attend to [Plaintiff] when he was injured and in need of medical examination and treatment" in violation of the Eighth Amendment. (Pl.'s Compl. Count IV ¶¶39, 42).

On August 26, 2002, Lu Wilson filed her Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment.

On September 20, 2004, Plaintiff filed his Motion to Strike Defendant Wilson's Motion for Summary Judgment ("Motion to Strike") and Counter-Affidavit, to Luann Wilson's Affidavit, by Plaintiff ("Plaintiff's Affidavit")[1].

## II.    ARGUMENT

### A.    The Court should disregard Plaintiff's contention that he bled for over three hours before Dr. Ahmad arrived.

In Plaintiff's Motion to Strike and Plaintiff's Affidavit, Plaintiff contends that he bled for over three hours before Dr. Ahmad arrived. (Pl.'s Mot. to Strike ¶ 8); (Pl.'s Aff. ¶ 18). However, during Plaintiff's deposition, Plaintiff testified under oath that Lu Wilson advised Sergeant Smalley to have Plaintiff lay on his back and to elevate his arm to control the bleeding, Plaintiff laid on his back and elevated his arm for a few minutes, then Sergeant Smalley covered Plaintiff's laceration with a piece of gauze, which stopped the bleeding. (Pl.'s Dep. at 30-31, attached to Def.'s Mem. in Supp.).

> [W]here a deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was

---

[1] In opposition to a motion for summary judgment filed by a co-defendant, Plaintiff raises medical needs other than his arm, e.g. a hernia and dental problems. Such medical needs were not alleged in Plaintiff's Complaint previously, or disclosed, and are immaterial and irrelevant to whether Plaintiff's lacerated arm was a serious medical need and whether Lu Wilson knew of and disregarded an excessive risk to the health and safety of Plaintiff.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy.

*Russell v. Acme-Evans Co.*, 51 F.3d 65, 67-68 (7th Cir. 1995).

As Plaintiff has provided no acceptable explanation for the discrepancy, the Court should not consider Plaintiff's contention that he bled for over three hours before Dr. Ahmad arrived.

> **B.** **The Court should disregard the unsworn statements in Plaintiff's Motion to Strike; the document attached to Plaintiff's Motion to Strike; Plaintiff's reference to the "National Academy Text for Emergency Medicine"; Plaintiff's contention that "the Satellite facility and the Medical Department was not accredited to perform any surgical procedures on inmates"; and Plaintiff contention that a wound may be closed with sutures up to six hours of opening only under the most favorable conditions.**

When acting on a motion for summary judgment the judge should consider only evidence that would be admissible at trial. *See Gustovich v. A.T. & T. Communications, Inc.*, 972 F.2d 845, 849 (7th Cir. 1992). *Pro se* litigants enjoy no lower standard when it comes to rules of evidence and procedure. *See Reed v. Richards*, 1994 U.S. App. LEXIS 14734, *8 (7th Cir. 1994).

The unsworn statements in Plaintiff's Motion to Strike do not comply with Fed. R. Civ. P. 56(e), and cannot be used by Plaintiff to oppose Lu Wilson's Motion for Summary Judgment.

Plaintiff has attached a document to his Motion to Strike that purports to be "Health Care Policies and Procedures" for the Champaign County Sheriff's Office. However, this document should be disregarded because it lacks foundation, is unauthenticated, and is incomplete.

> Supporting materials designed to establish issues of fact in a summary judgment proceeding must be established through one of the vehicles designed to ensure reliability and veracity – depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

*Reed*, 1994 U.S. App. LEXIS at *5 (citations and quotations omitted).

In Plaintiff's Affidavit, Plaintiff testifies that "[he has] read the National Academy Text for Emergency Medicine and that suggestion to control bleeding is not the protocol of choice." (Pl.'s Aff. ¶ 7). Plaintiff's testimony as to the contents of the "National Academy Text for Emergency Medicine" violates the best evidence rule because he seeks to prove the contents of the text. *See* Fed. R. Evid. 1004; *Reed*, 1994 U.S. App. LEXIS *8. The text itself is the best evidence of its contents and Plaintiff has failed to admit it into evidence. Further, the reference is hearsay. Additionally, it was not previously disclosed. The testimony should be disregarded.

In Plaintiff's Affidavit, Plaintiff testifies that "[he] was present during the Accreditation of the Satellite facility and the Medical Department was not accredited to perform any surgical procedures on inmates." (Pl.'s Aff. ¶ 12). The purported fact that Plaintiff was present during the Accreditation of the Satellite facility is insufficient foundation for the conclusion that the Medical Department was not accredited to perform any surgical procedures on inmates. Again, none of this material was previously disclosed. The testimony should be disregarded.

In Plaintiff's Affidavit, Plaintiff testifies that:

[Lu] Wilson states in her Affidavit that wounds can be closed with sutures up to six hours of opening. She neglects to mention that the statement is true only under the most favorable conditions in a surgical suit setting ... and not "meatball" surgery as one might see on M*A*S*H.

(Pl.'s Aff. ¶ 18).

Plaintiff's testimony is inadmissable because Plaintiff's Affidavit fails to establish that Plaintiff is qualified to testify as to the truth of Lu Wilson's testimony, or that he is competent to render an expert opinion regarding nursing.

> **D.    Summary judgment should be granted in favor of Lu Wilson because Plaintiff's affidavit fails to contradict any of the material facts entitling Lu Wilson to summary judgment.**

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

To oppose Lu Wilson's' Motion for Summary Judgment, Plaintiff must affirmatively specify facts in the record showing that there is a genuine issue for trial. *See Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995). Plaintiff cannot simply rest on the allegations of his unsworn Complaint. *Id*. Indeed, Plaintiff was so advised in the *Timms* notice sent to him by the Court on August 30, 2004.

The only evidence presented by Plaintiff in opposition to Lu Wilson's Motion for Summary Judgment is contained within Plaintiff's Affidavit. Plaintiff's Affidavit fails to contradict any of the material facts entitling Lu Wilson to summary judgment. Plaintiff merely disagrees with the treatment that was prescribed for him. Such complaints are beyond the purview of the Eighth Amendment. Summary judgment should be granted in favor of Lu Wilson.

### III.    CONCLUSION

WHEREFORE, Lu Wilson respectfully requests that this Court enter an Order granting summary judgment in her favor and against Plaintiff, together with such relief as the Court deems appropriate.

LU WILSON, Defendant,

| | |
|---|---|
| BY: /s/ Richard P. Klaus | BY: /s/ Keith B. Hill |
| Attorney for Defendants | Attorney for Defendants |
| Heyl, Royster, Voelker & Allen | Heyl, Royster, Voelker & Allen |
| Suite 300 | Suite 300 |
| 102 E. Main Street | 102 E. Main Street |
| P.O. Box 129 | P.O. Box 129 |
| Urbana, IL 61803-0129 | Urbana, IL 61803-0129 |
| 217-344-0060 Phone | 217-344-0060 Phone |
| 217-344-9295 Fax | 217-344-9295 Fax |
| E-mail: rklaus@hrva.com | E-mail: khill@hrva.com |

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Kenneth D. Reifsteck
Thomas, Mamer & Haughey
30 E. Main St.
P.O. Box 560
Champaign, IL 61824-0560

Mr. James J. Hagle
Frederick & Hagle
129 W. Main St.
Urbana, IL 61801

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Ken Wronke
Route 49 South
P.O. Box 75
Homer, IL 61849

/s/  Richard P. Klaus
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail:  rklaus@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060