E-FILED
Tuesday, 12 October, 2004  03:39:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT
URBANA DIVISION

Dr. K. L. Wronke, )
      Plaintiff, )
       )
  vs. )  Cause No. 2001-2308
       )
Champaign County Sheriff's )
Department, and David Madigan, )
individually, and in his Official )
capacity as Sheriff of Champaign )
County, and David Smalley, individually, )
and in his Official capacity as a )
Champaign County Sheriff's Deputy, and )
Lu Wilson, R.N., and Dr. Maher K. Ahmad, )
      Defendants, )

FILED
OCT 12 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### RESPONSE TO DEFENDANT AHMAD'S MOTION TO STRIKE PLAINTIFF'S COUNTER-AFFIDAVIT FILED 9-24-04

COMES NOW the Plaintiff, Dr. Kenneth L. Wronke, appearing personally, to respond to DEFENDANT Ahmad's Motion to Strike Plaintiff's Counter-Affidavit filed 9-24-04, and in support hereto states as follows:

1. That paragraph 1, 2, and 3 can be responded to by stating it is possible for this Plaintiff to extract enough admissions from the Defendant doctor under cross-examination to meet any requirement of expert testimony and thereby make out a prima facie case, see Plost v. Louis A. Weiss Memorial Hospital (1978, 1st Dist) 62 Ill App 3d 253, 19 Ill Dec 301, 378 NE 2d 1176.

2. That there is no requirement that plaintiff produce medical testimony where he clearly testifies to his injuries and the medical treatment he received, and it is reversible error to insist on medical testimony under such circumstances. see Turner v. Chicago, (1968, 1st Dist)

2.

95 Ill App 2d 38, 238 NE 2d 100.

3. That paragraph 9, of the Plaintiff's Affidavit, was the diagnosis of the Corrections facility doctor, University Orthopedic Staff, the staff at Christy Clinic and not made by the Plaintiff. (6-a)

4. That an injury is considered "serious" where there has been a fall, with a laceration, a quantity of blood is lost, severe pain, and deformity of a limb or limb/shoulder joint. (6-b)

5. That on Sunday morning at 6:00 A.M. no medical staff were present at the Corrections facility and especially not in the Medical Service Area. The affiant went to that Aera with Sgt. Smalley. (6-c)

6. That it was reported in the Medical Service Area that the "on Call" nurse was not coming in to the facility.   (6-d)

7. That the Plaintiff knows what a patient assessment is and does not have to be an expert to know whether or not he had his blood pressure, pulse, and respirations taken. Defendant Ahmad did no px assessment nor did he examine anything but the lacerated forearm. (6-e)

8. That Defendant Ahman never examined the right shoulder even after I said it didn't feel the way it did before the fall. (6-f)

9.  That the Plaintiff knows whether or not Defendant Ahmad performed any kind of a physical examination. Ahmad did not. (6-g)

10.  That the Plaintiff was aware of the arrival time of Defendant Ahmad at the Corrections Facility. (6-h)

11.  That the Plaintiff did not render a medical opinion in item 18; it was a surgical opinion. One which any lay-person would know if they had a television in their home. i.e. General Hospital, E.R. Scrubs, etc. (6-i)

12.  That in regards to #19 of the Affidavit, same response as #18.

13.  That paragraph 20 is a statement of fact and not an opinion. (6-k)

14.  That paragraph 21 is a statement of fact and not an opinion. (6-l)

15.  That paragraph 22 is a statement of fact known by the Plaintiff. (6-m)

16. That paragraph 25 was a statement of fact and was not vague and ambiguous. (6-n)

17. That paragraph 26 was a statement of fact and was not vague and was very specific. (6-o)

18. That the Plaintiff would know if Ahmad did any kind of a physical examination as stated in paragraph 27. (6-p)

19. That paragraph 30 is a statement of fact known by the Plaintiff. (6-q)

20. That paragraph 31 is a statement of fact and is relevant to the issues in this Cause. (6-r)

21. That regarding paragraph 32 of the Plaintiff's Affidavit, the Plaintiff begged for a tetanus booster and was denied what is known as a routine tetanus preventative used to keep the injured party from contracting a fatal disease. (6-s)

22. That regarding paragraph 33, Defendant Ahmad refused to provide the Plaintiff with any (oral or injectable) antibiotics that would prevent infection since the wound was open to contamination from a variety of sources for over three hours. (6-t)

23. That regarding paragraph 34, it is prudent medical practice to first determine any allergic sensitivity when injecting foreign substances into a patient; The Defendant Ahmad was not prudent. (6-u)

24. That regarding paragraph 35, it is a known fact thta SHOCK can be fatal. Defendant Ahmad and his staff are not equipt to treat SHOCK. (6-v)

25. That the subject of pain medicine was not an issue brought up by the Plaintiff Affiant. (6-w)

26. That a rotator cuff injury can be diagnosed by any Coach or P.E.trainer from Grade school through the College and NFL ranks. It is quite common when one falls with the arm out-stretched. (6-x)

27. That regarding paragraph 38, the Plaintiff would know if there had been any treatment or examinations of the Plaintiff by Defendant Ahmad (6-y).

28. That the pictures enclosed with the Plaintiff's Motion were the same pictures delivered to each attorney during Discovery. Not one attorney complained about these same pictures.

29. That in regards to Ahmad's paragraph #7, Plaintiff cites the following case law: "Notwith standing principles that summary judgment should be free from doubt, and that if pleadings, affidavits and exhibits show that there is a genuine issue as to any material fact, summary judgment must not be granted, summary judgment is a procedure to be encouraged, and one which can avoid the expense of unnecessary and ease congestion on the trial calendar." Tom Olesker's Exciting World of Fashion v. Dun & Bradstreet, Inc., 1979, 28 Ill. Dec. 78, 71 Ill. App. 3d 562, 390 N.E. 2d 60.

30. That regarding paragraph #8 of Ahmad's Motion to Strike the Plaintiff's Counter-Affidavit, it is not within the prerogative of Defendant Ahmad to determine the legal status of the Plaintiff's Counter-Affidavit entoto or any part of it.

WHEREFORE, the Plaintiff, Dr. Kenneth L. Wronke, respectfully prays that this Honorable District Court deny the Defendants Motion to Strike Plaintiff's Counter-affidavit.

Respectfully submitted,

*Dr. Kenneth L. Wronke*
Dr. Kenneth L. Wronke

Rte 49 South
Box 75
Homer, Illinois 61849

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Reponse to Defendant's Motion to Strike (Ahmad) mailed on 9-24-04, was placed in the U.S. Mail at Danville, Illinois, 61832, on the 9th day of October 2004 to the Clerk of the District Court, 201 S. Vine st., Room 218, Urbana, Illinois 61802, and to Jas. J. Hagle, 129 West Main st., Urbana, Illinois, 61801, and tp Kenneth D. Reifsteck Box560 #0 East Main st., Champaign, Illinois 61824-0560, and to Richard P. Klaus, Suite 300, 102 East Main st., Urbana, Ill. 61801.

*Dr. Kenneth L. Wronke*
Dr. Kenneth L. Wronke