IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Dr. K. L. Wronke,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Champaign County Sheriff's Department, and David Madigan, individually, and in his Official capacity as Sheriff of Champaign County, David Smalley, individually, and in his Official capacity as a Champaign County Sheriff's Deputy, Lu Wilson, R.N., and Dr. Maher K. Ahmad,<br><br>　　　　Defendants, | Cause 2001-2308<br><br>**FILED**<br>OCT 14 2004<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

### REBUTTAL ARGUMENT TO AHMAD'S MEMORANDUM OF LAW

COMES NOW, the Plaintiff, Dr. K. L. Wronke, appearing personally, to rebut Defendant Ahmad's Memorandum of Law and in support hereto states as follows;

1. That regarding paragraph I, Defendant Ahmad erred when he alleges the Plaintiff cannot establish a prima facie case without expert testimony. It is case law that the Defendant Ahmad may be required in trial and/or discovery to answer questions regarding the standard of care even if he is not disclosed as an expert witness in the case. Fawcett v. Reinertsen, 168 App3rd Ill 1090, 119 Ill Dec 774, 523 NE2d 382 (3rd Dist 1988), app gr. 123 Ill 2d 557, 128 Ill Dec 889, 535 NE 2d affd 131 Ill 2d 380, 137 Ill Dec 613, 546 NE 2d 558.

2. Even if the injuries suffered by the Plaintiff are subjective and not visibly discernible to the jury, as in the case of whiplash injury, medical testimony is not absolutely required. It is sufficient if the Plaintiff establishes the fact of the injury and the resulting pain. Jensen v. Richardson, (1968 2d Dist) 93 Ill Dec Appd 237, 235 NE2d 397.

3. That the testimony of the Plaintiff alone, unsupported by expert testimony, will be sufficient where he has related a plain statement of subjective symptoms and allegations of pain and suffering immediately following a collision, which the jury is free to accept or reject in the absence of any countervailing evidence, medical or otherwise. Hyatt v. COX, 1965, 4th Dist.)57 Ill App 2d 293, 206 NE 2d 260.

4. That in a personal injury case, there is no requirement that Plaintiff produce medical testimony where he clearly testifies to his injuries and the medical treatment he received, and it is reversible error to insists on medical testimony under such circumstances. Turner v. Chicago, 1968, 1st Dist.)95 Ill App2d 38, 238 NE 2d 100.

5. That the law does not require that the Plaintiff in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. Palmer V. Dwfilippis, 1944, 321 Ill App186, 53 NE "d 34.

6. That Defendant Ahmad's assertion that Plaintiff's prima facie case of medical negligence cannot be established without expert testimony is refuted by case law in the Illinois Court System and is not valid to support his Motion for Summary Judgment on those grounds.

7. That regarding paragraph II, the former expert witness, Dr. Ehrhardt, will not testify as an expert as asserted by Defendant Ahmad, but may be called for his input relative to his duties as a contract physician at the Vermilion County Public Safety Building, Danville, Illinois.

8. That the res ipsa loquitor doctrine was not a consideration until the Defendants challenged the Plaintiff's cause with the Motion for Summary Judgment and expounded on the criteria of medical testimony pros and cons. The Illinois Supreme Court extended application of the doctrine "when the occurrence is such as in the ordinary course of things would not have happened", with the use of proper care. Proof of an unusual

result which ordinarily does not occur in the abscence of negligence, is the reqquirement. Ill. Rev. Stat.,ch 110,2-1113. Generally, a medical malpractice plaintiff will use expert medical testimony to establish a breach of the applicable standard of care,however, a plaintiff may proceed to trial without an expert (1) where the theory is res ipse loquitor,where the plaintiff intends to call and question the defendant, and when the plaintiff believes the negligence will be obvious to the jurors.

9. That the allegations that there is no requirement for the Plaintiff to produce medical testimony where the Plaintiff clearly testifies to his injuries,is meritless is contrary to case law. see paragraph #4,2,3,5.

10. That regarding paragraph III, Plaintiffs,on a defense motion for judgment, are not required to proce a prima facie case. Bennett v Raag, 1982,59 Ill.Dec.29,103 Ill. App.3d 321,431 NE2d 1055.

11. That where affidavits in support of,and in opposition to,motion for summary judgment indicate on their face that disputed questions of fact exist, entry of summary judgment is improper, since trial of issue fact in such manner in effect deprives party against whom motion is directed of jury trial. Saxmann v. Allen,1951,410 Ill.31,101 NE 2d 69.

WHEREFORE, the Plaintiff, Kenneth L. Wronke, prays this Honorable District Court will DENY Defendant Ahmad's Motion for Summary Judgment.

Respectfully submitted,

Dr. K. L. Wronke

Rte 49 South @ Box 75
Homer, Illinois 61849

217-896-2322

I certify that a true and correct copy of this Rebuttal Argument to Ahmad's Memorandum of Law was placed in the U.S. Mail service at Danville, Illinois, 61832, on the 13th day of October 2004 to the Clerk of the U.S. District Court, Room 218, 201 S. Vine st., Urbana, Illinois, 61802, and to Jas. J. Hagle, 129 West Main st., Urbana, Illinois, 61801, and to Kenneth D. Reifsteck, Box 560, 30 East Main st., Champaign, Ill., 61824-0560, and to Richard P. Klaus, Suite 300, 102 East Main st., Urbana, Illinois, 61801.

*Dr. K. L. Wronke*
Dr. K. L. Wronke