Dr. Kenneth L. Wronke,    )
)
      Plaintiff,    )
)
    vs.    )    Cause No. 2001-2308
)
Champaign County Sheriff's    )
Department,and David Madigan,    )
individually,and in his Official    )
capacity as Sheriff of Champaign    )
County,and David Smalley,Individually,    )
and in his Official capacity as a    )
Champaign County Sheriff's Deputy,and    )
Lu Wilson,R.N.,and Dr. Maher K. Ahmad,    )
)
      Defendants,    )

**FILED**

OCT 19 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA. IL

### PLAINTIFF'S REBUTTAL ARGUMENT TO "JOINT REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO MOTION TO STRIKE

COMES NOW, the Plaintiff, Dr. Kenneth L. Wronke, appearing personally, with his Rebuttal Argument to the "Joint Reply in Support of Motion for Summary Judgment and Response to Motion to Strike, and in support hereto states as follows:

1.    That Count IV of the Plaintiff's Complaint is the sole count against Defendant Lu Wilson, R.N.

2. That Plaintiff alleges the Defendant Lu Wilson, a registered nurse, "willfully failed to and refused to attend to (Plaintiff) when he was injured and in need of medical examination and treatment" in violation of the Eighth Amendment of the United States Constitution.

3. That regarding paragraph II, A. "The Court should disregard Plaintiff's contention that he bled for over three hours before Dr. Ahmad arrived." Defendant Wilson cites a deposition that was neither formal nor sufficient, i.e. the deposition had to be signed by the deponent or contain a waiver of the deponent's signature,and it must be certified,sealed, and filed with the Clerk of the Court to be used in support of a Summary Judgment.

4. That where a deposition and an affidavit are in conflict, the affidavit is not to be disregarded and legally trumps an unsigned and uncertified deposition.

5. That the Plaintiff's deposition was not signed because the lawyers collectively would not permit any corrections half way through the taking of the deposition.

6. That references to a hernia,edema of the legs, and dental problems were unattended medical conditions acknowledged by Defendant Wilson but ignored in an attitude of Determined indifference leading up to the lacerated forearm and shoulder injury that required immediate intervention.

7. That regarding paragraph II, B: The Defendant Wilson asserts that when the Court acts on a Motion for summary judgment the judge should consider only evidence that would be admissible at trial. Case law clarifies that statement: The purpose fo summary judgment is to determine presence or absence of triable issues of fact,and in determining whether moving party is entitled to summary judgment,pleadings, depositions, admissions, and affidavits should be strictly construed against the movant and liberally in favor of opponent. Robinson vs. Builders Supply&Lumber, App.1 Dist. 1991,166Ill. Dec.358,223 Ill.App.3d 1007,586 N.E. 2d 316. Specifically, the Court uses all documents that are part of the record to make a decision.

8. That it should be noted that Defendant Wilson implies the Medical department can suture wounds,but not nurses,therefore the department must be or is accredited to do surgery on inmates on site.

9. That Defendant Wilson "signed off" on the protocol titled "Health Care Policies and Procedures" as the Health Care Authority.

10.   That a layperson does not have to read the National Academy Text for Emergency Medicine to know how to control bleeding. It is common knowledge that one must apply pressure to wounds to control bleeding. The elevation of an injured arm/shoulder would aggravate the injury;also common knowledge. Not only did the Defendant not report as the "on call" nurse, her verbal orders to the staff at the Correction Center may have caused more damage to the patient.

11.   That had the Corrections Center been Accredit, one would expect to see as part of the inventory such items as surgical instruments, an instrument tray, a tray stand, an autoclave, an operating table, an over head high intensity light, sterile scrubs, sterile gloves, masks, sterile solutions, IV fluids and hook-ups to deliver the fluids,, etc;none exist.

12.   That Defendant Wilson testified that she, as Health Care Authority, authorized the Surgery on the Plaintiff and Defendant Ahmad concurred.

13.   That Defendant Wilson is not competent as a surgeon to  discuss wound closure,time of wound closure, nor any other aspect of the practice of medicine.

14.   That Defendant Wilson testified that she gave the order not to take tke seriously injured inmate to the hospital, a few blocks distant from the Corrections Center, and Defendant Ahmad agreed. Thus, a seriously injured inmate was denied emergency medical/surgical care.

15.   That Defendant Wilson alleges that the Plaintiff cannot simply rest on the allegations of his unsworn Complaint to oppose a Motion for Summary Judgment. The purpose of the summary judgment procedure is not to try issue of fact,but rather to determine whether issue of fact exists and if pleadings (Complaint), affidavits, and exhibits show that there is issue as to any material fact, summary judgment must not be granted.Graham v. Evischi,1977,7 Ill.Dec.877,50 Ill. App.3d 268,365 N.E. 2d 162.

16. That the fact that the Defendant Wilson, had as one of the proximate causes, refused and delayed reporting to the Corrections Center to render medical aid to a seriously injured inmate was a negligent act which contributed to the damage and/or injury sustained by the victim when a delay lessened the effectiveness of early treatment and corrective surgery.

17. That summary judgment should never be awarded where its effect will foreclose party from presenting factual basis of case where material dispute may exist. Oglesbee v. Nathan, 1973,14 Ill.App.3d 609,302 N.E.2d 483.

WHEREFORE, the Plaintiff, Dr. Kenneth L. Wronke, respectfully requests that this Honorable U.S. District Court deny the Motion for Summary Judgment of Lu Wilson,R.N. ,by her attorney Richard P. Klaus.

Respectfully submitted,

*Dr Kenneth L. Wronke*

Dr. Kenneth L. Wronke

### CERTIFICATE OF SERVICE

I certifty that a true and correct copy of the Plaintiff's Rebuttal argument was placed in the U.S. mail at Danville, Illinois,61832 on the 15th day of October 2004 to the Clerk of the U.S. District Court, 201 S. Vine st., Room 218, Urbana, Illinois,61802, and to Jas J. Hagle, 129 E. Main st., Urbana, Illinois,61801, and to Kenneth D. Reifsteck, 30 E. Main st.,Box 560, Champaign, Illinois 61824-0560, and to Richard P. Klaus, 102 East Main st., Suite 300,Urbana, Illinois 61801.

*Dr Kenneth L. Wronke*

Dr. Kenneth L. Wronke